IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ADRIANA BRENA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:11-cv-287 |
| | § | |
| 24 HOUR FITNESS USA, INC. | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING MOTION TO REMAND

Pending before the court are Plaintiff's "Motion to Abstain and Remand" (Dkt. #8) and Defendant's response thereto (Dkt. #10). For the reasons set forth below, the court finds that Plaintiff's motion should be **GRANTED** and this suit **REMANDED** to state court.

### I. BACKGROUND

This case is a negligence action brought under Texas state law. The Plaintiff, Adriana Brena, alleges that on June 15, 2010, she was an invitee on a premises controlled by 24 Hour Fitness USA, Inc. ("24 Hour Fitness"). While on the premises, Brena alleges that she tripped over loose cables on the ground, which caused her to fall forward and strike her knee on a piece of metal. Based on this event, Brena has brought this claim against 24 Hour Fitness for negligence.

On March 4, 2011, Plaintiff filed her original petition in the 362nd Judicial District Court in Denton County, Texas, alleging an unspecified amount in damages. *See* Dkt. #1-3. Subsequently, Plaintiff filed her first amended petition in state court on May 6, 2011, alleging damages in the amount of $300,000.00. *See* Dkt. #1-5. Following Plaintiff's first amended petition, Defendant removed the suit to this court on May 19, 2011, pursuant to 28 U.S.C. § 1332(a)(1) diversity

jurisdiction. *See* Dkt. #1.  Subsequent to removal but before the deadline for amended pleadings had passed, Plaintiff filed a "second amended petition/complaint" in this court alleging that her damages were in the amount of "more than $13,1900.00 [sic], but not greater than $75,000.00, exclusive of costs and interests." *See* Dkt. #7.  In an affidavit by Sandra Sprott, counsel for the Plaintiff, Sprott assures the court that Plaintiff's damages are "at least $13,190.00, but are less than $75,000.00, exclusive of costs and interest," and that the damages claimed in Plaintiff's first amended petition were the result of a "clerical error". Dkt. #8, Exh. A at 3.

## II. DISCUSSION AND ANALYSIS

Plaintiff now seeks an order remanding this case back to state court on the grounds that the amount in controversy does not exceed the statutory requirement of $75,000.00.  There is no dispute regarding diversity of citizenship between the parties.  Plaintiff argues that her $300,000.00 damages claim in her first amended petition was due to a clerical error.  She now claims, and attempted to stipulate, that the amount in controversy does not exceed $75,000.00. *See* Dkt. #7 at 2–3.  Defendant, however, opposes the motion to remand. It argues that jurisdictional facts supporting removal must be determined from the pleadings on file at the time of the removal, not by filings subsequent to removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).  Thus, Defendant concludes that post-removal amendments, stipulations, or affidavits do not deprive the federal district court of its jurisdiction since it was facially apparent at the time of removal that the amount in controversy exceeded the statutory minimum. *See* Dkt. #10 at 2–3 (citing *Gebbia*, 233 F.3d at 883).

Federal law permits a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  However,

"removal raises significant federalism concerns, which mandate strict construction of the removal statute." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995) (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party invoking federal diversity jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). In considering whether the burden is met, the court "first examine[s] the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount." *Id*. In this case, it is clear from the Plaintiff's first amended petition in state court that the damages alleged at the time of removal were $300,000.00. *See* Dkt. #1-5.

"[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Gebbia*, 233 F.3d at 883 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938)). Jurisdictional grounds are determined at the time of removal and "[a]n amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia*, 233 F.3d at 883. Because the pleadings in this case were unambiguous at the time of removal, the court may not consider post-removal affidavits or amendments reducing the amount in controversy.

However, this case presents a rare circumstance. Pursuant to 28 U.S.C. § 1447(c), "[i]f at

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added). "To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Though Defendant's removal was entirely proper in this case, new facts have been presented that reveal that the court, in fact, lacked subject matter jurisdiction at the time of removal.

A district court must determine its jurisdiction at the moment of the filing of the notice of removal. *St. Paul Mercury*, 303 U.S. at 190. Here, Plaintiff's first amended petition unambiguously triggered the amount in controversy necessary for removal. However, the alleged amount was the result of a "clerical error." Though few courts have addressed this unique issue, the Sixth Circuit has recognized that the "'[l]ack of the jurisdictional amount from the outset—although not recognized until later—is not a subsequent change that can be ignored.'" *Jones v. Knox Expl. Corp.*, 2 F.3d 181, 183 (6th Cir. 1993) (quoting Moore's Fed. Practice ¶ 0.92[1] (2d ed. 1993)). Here, as in *Jones*, the facts illuminate an important deviation from the facts in *Gebbia*—no subsequent event *reduced* the amount in controversy to divest the court of jurisdiction. Rather, the discovery of a clerical error revealed to the court, through the second amended complaint and an affidavit, that it lacked subject matter jurisdiction *at the time of removal*. "The fact that a mistake may have been honestly made in claiming the original amount could not convert what in the absence of the mistake would have been bad faith, into the kind of good faith necessary to vest jurisdiction in this [c]ourt." *Flournoy v. U.S. Aviation Underwriters, Inc.*, 206 F. Supp. 237, 238 (W.D. Tex. 1962). Accordingly, because the court lacks subject matter jurisdiction over this case, and in fact lacked

subject matter jurisdiction at the time of removal, remand is necessary under 28 U.S.C. § 1447(c).

"An order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Because removal in this case resulted solely from the Plaintiff's error, the court finds that the Plaintiff should pay the just costs and actual expenses that the Defendant incurred pursuant to removal. Further, the court advises Plaintiff and her counsel that sanctions are available should Plaintiff seek an amount in damages different from those represented to the court.

### III. CONCLUSION

It is the order of this court that Plaintiff's motion to remand is **GRANTED** and this case is hereby **REMANDED**. All just costs and any actual expenses of removal shall be taxed against the Plaintiff. All other motions not specifically granted herein are hereby **DENIED AS MOOT**.

IT IS SO ORDERED.

**SIGNED this the 31st day of March, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE